15 CV 03110

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAE H. KIM, YOUNG M. CHOI, DONG M.
JU, HONG S. KIM, YOON C. KIM, CHUL
G. PARK, JIN H. PARK, EUTEMIO
MORALES, ZHE Y. SHEN, JONG H. SONG,
and R. JULIAN VENTURA,

                    Plaintiffs,

    - versus -

JI SUNG YOO a.k.a. JISUNG YOO a.k.a. JI
S. YOO a.k.a. JAY YOO, SANDRA YOO
a.k.a. SANDRA YEAR KUM YOO a.k.a.
YEAR KUM YOO, SAMUEL D. YOO, and
CAROLYN YOO,

                    Defendants.

**ANCILLARY COMPLAINT**

ECF Case

RECEIVED
APR 2 1 2015
U.S.D.C. S.D. N.Y.
CASHIERS

PRELIMINARY STATEMENT

1.     This is an ancillary proceeding brought pursuant to Rule 69 of the Federal Rules of Civil Procedure, relying on the New York Debtor and Creditor Law to enforce a judgment obtained by Plaintiffs/Creditors against Defendant/Debtor Ji Sung Yoo. This new proceeding concerns the fraudulent conveyances of real properties owned by Defendant/Debtor Ji Sung Yoo to members of his own family in violation of the New York Debtor and Creditor Law. The defendant family members, debtor's wife, Sandra Yoo, two of his children, Samuel D. Yoo and Carolyn Yoo, were the transferees of these fraudulent conveyances. This proceeding seeks to reverse those fraudulent conveyances and to provide recompense to the debtor's estate for the reduction of the value of the debtor's property interest as a result of mortgages taken by the defendant family members.

1

## JURISDICTION

2.      This Court has jurisdiction of this ancillary proceedings pursuant to Rule 69 of the Federal Rules of Civil Procedure.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that at least one defendant resides in the district.

## PARTIES

Plaintiffs

3.      Plaintiffs are Tae H. Kim, Young M. Choi, Dong M. Ju, Hong S. Kim, Yoon C. Kim, Chul G. Park, Jin H. Park, Eutemio Morales, Zhe Y. Shen, Jong H. Song, and R. Julian Ventura.  Plaintiffs are "creditors" of Defendants Ji Sung, as that term is defined in the New York Debtor and Creditor Law.  The debts owed by Defendant Ji Sung Yoo accrued on a weekly basis because of the underpayment of wages owed Plaintiffs under the Fair Labor Standards Act and New York Labor Law.  The full amount of the debt, including liquidated damages, prejudgment interest and penalties was over $2.6 million as determined by the Court in its "Memorandum & Order" in the matter of Tae H. Kim et al. v. Kum Gang Inc. etc et al., 12 Civ. 5244 (S.D.N.Y.)(MHD), ECF Doc. 141.

Defendants

4.      Defendant Ji Sung Yoo a.k.a. Jisung Yoo a.k.a. Ji S. Yoo a.k.a. Jay Yoo is a defendant debtor owing nearly $2.7 million to Plaintiffs.

5.      Defendant Sandra Yoo a.k.a. Sandra Year Kum Yoo a.k.a. Year Kum Yoo is the wife of Defendant Ji Sung Yoo.

6.      Defendants Samuel D. Yoo and Carolyn Yoo are the son and daughter of Defendants Ji Sung Yoo and Sandra Yoo.

## STATEMENT OF FACTS

7.      On April 6, 2015, Plaintiffs obtained a judgment against Defendant Ji Sung Yoo and in the amount of $2,683,263.90 in the matter entitled Tae H. Kim et al. v. Kum Gang Inc. etc. et al. 12 Civ. 5244 (S.D.N.Y.)(MHD) ECF Doc 143.  All of that judgment remains unpaid.

### The Challenged Fraudulent Conveyances

8.      At the time of the conveyances of the property described in detail below, Defendant Ji Sung Yoo knew that he faced debts to Plaintiffs and others well over an amount that he or his corporation Kum Gang Inc. would be able to pay.

9.      With the financial downturn in the end of 2007, Kum Gang Inc. had shown very little or no profit for years and had mounting debts.

10.      During the time periods covered in this complaint, the two restaurants owned by Kum Gang Inc. were not timely paying their rents and often had insufficient amounts in the checking accounts to cover their checks.

11.      During the time periods covered in this complaint, Defendants Ji Sung Yoo and his solely owned corporation Kum Gang Inc. knew that the restaurants were not and had not been paying the full minimum wage nor overtime pay and were taking tips from Plaintiffs' tip pool.  He knew that these debts were substantial based on his prior experiences with the New York State Department of Labor.

12.      Based on the damage charts relied on by the Court in Kim v. Kum Gang Inc., (ECF Doc 124 and 125) as of the end of the last week in December 2009, defendant Ji Sung Yoo owed plaintiffs $1,674,977.60 in unpaid minimum wage, overtime pay and spread of hours pay, plus liquidated damages.  These unpaid wages had accrued on a weekly basis for over 11 years. See, New York Labor Law § 193.

13.     On January 28, 2010, prior to any of the conveyances described below, the New York State Department of Labor (DOL) conducted an investigatory visit of Defendant Ji Sung Yoo's restaurant Kum Gang San in Manhattan. This was a follow up to 2005 investigation in which DOL had found many wage and hour violations. During this visit, the DOL obtained time cards for some employees and interviewed several of the employees.  A request was made by the DOL for the payroll records for the years 2007 through 2009 to be obtained on February 5, 2010, at the Flushing restaurant.

14.     On February 5, 2010, an agent from DOL spoke with Defendant Ji Sung Yoo, to confirm that the payroll records would be there that afternoon.  Defendant Yoo stated that he would be there.

15.     On February 5, 2010, DOL agents went to the Flushing restaurant and were given payroll records for 2009, but Defendant Yoo was not there.  The DOL agents asked for the 2007 and 2008 records and were told that the records were not there, but were in the house of Defendant Ji Sung Yoo.  The agents requested that Ji Sung Yoo be called, but were told that Defendant Yoo was in Los Angeles.  The agents requested that Defendant Yoo be called anyways, but no one answered and a message was left.  DOL told the managers who were present that the 2007 and 2008 records had to be produced by February 12, 2010.

16.     On February 9, 2010, Defendant Ji Sung Yoo called an agent of DOL and stated that he would be back in New York on Thursday February 11th.  He was informed by the agent to bring the 2007 and 2008 records to the DOL office on the February 12, 2010.

17.     Defendant Yoo was aware that he and restaurant would face monetary liability of several hundreds of thousands of dollars because of the investigation into the wage practices of his restaurants.  In 2007, as the result of a 2005 DOL investigation, there was a finding of wage

4

and hour violations, and the restaurant agreed to pay $137,000 in back pay for violations of the labor laws of the very same type as were now being investigated again in January 2010. Yet, Defendant Yoo made the first of several fraudulent conveyances as described below.

18.     In addition, in February 2010, the restaurant prepared false time records in response to DOL's request for employee records in hopes of avoiding liability for past wage violations.

19.     Approximately a year later, on or about February 10, 2011, DOL issued a finding of wage violations to Defendant Yoo. The DOL determined that there was $942,126.89 in underpaid wages and $234,081.41 in liquidated damages for a total of $1,176,208.30.

20.     Following meeting with DOL by Defendant Yoo and other managers from the restaurant in February 2010, DOL recalculated the damages and lowered the amount of unpaid wages from $942,126.89 to $581,855.02, plus liquidated damages. Defendant Yoo and the restaurant owed $727,318.91. This new amount was sent to the restaurant by email on February 28, 2010 along with a requirement that it paid in 10 days.

21.     Another lowering adjustment was made and provided to Defendant and additional time was provided to pay. The restaurant failed to pay the new lower amount. On April 22, 2011, a letter of the violation was issued by DOL for $1,950,992.84 which included a civil penalty. These damages were for the Manhattan restaurant and did not cover the wage damages owed to Plaintiffs.

22.     Thus, as early as January 28, 2010, when the DOL investigation began to find known violations of the wage and hour violations of the Kum Gang San restaurants, Defendants Ji Sung Yoo and his corporation Kum Gang, Inc. knew that they faced substantial damages. On April 22, 2011, these defendants knew that the final amount was almost $2 million. Defendants

knew that they could not pay these amounts and yet, transferred assets without reciprocal consideration that could have been used to pay a part of the amount of the debt.

23.     Kum Gang San was not in a good fiscal condition for many years following the depression beginning in 2008.   During this period, the restaurant the rent was not being paid on time and the checking account was being overdrawn.   In fiscal 2010, from February 1, 2010 to January 31, 2011, Kum Gang, Inc. reported taxable income of $101,722.   The Kum Gang Inc. tax returns for that same year reported that Defendant Ji Sung Yoo had no compensation.

24.     Sometime in the late spring or summer of 2012, Defendant Ji Sung learned that Plaintiffs and other workers were considering a lawsuit against them.   On June 17, 2012, a meeting between the restaurant workers and Defendant Ji Sung Yoo was held to the filing of a lawsuit for unpaid wages.   At that meeting, Defendant Yoo told Plaintiffs and others, that "you'll never see a penny from me" or words to that effect.

25.     On August 20, 2012, Plaintiffs filed their lawsuit in this Court.

26.     Although no amount of damages was stated in the complaint, Defendants Ji Sung Yoo knew from his experiences with DOL that damages could amount to several hundreds of thousands of dollars.

The Home

27.     On November 15, 2011, Defendant Ji Sung Yoo and his wife Defendant Sandra Yoo owned their home at 52-32 Leith Place, Little Neck, New York (hereinafter the "Home") as joint tenants, and transferred the Home to their son Defendant Samuel D. Yoo as well as to Defendant Sandra Yoo, who kept her interest.   No consideration was paid for the conveyance to Defendant Samuel D. Yoo.   The Home was subsequently transferred, on or about February 2, 2012, by Defendants Samuel D. Yoo and Sandra Yoo to themselves and to Defendant Carolyn

Yoo, the daughter of Defendants Ji Sung Yoo and Sandra Yoo.  Again, no consideration was paid for the transfer.

28.     On or about May 1, 2012, a mortgage was obtained on the Home for $500,000, by Defendants Sandra, Samuel D., and Carolyn Yoo.

The Brooklyn Property

29.     On or about December 16, 2011, Defendant Ji Sung Yoo transferred his interest in a commercial property to his wife Defendant Sandra Yoo and his son Defendant Samuel D. Yoo. The property was located at 1507 Avenue U, Brooklyn, New York (hereinafter "Brooklyn Property).  The Brooklyn Property was transferred without consideration.

30.     On January 18, 2013, Defendants Sandra Yoo and Samuel D. Yoo, mortgaged the Brooklyn Property for $450,000.

The New York Condo

31.     In 2007, Defendant Ji Sung Yoo purchased a residential condo along with his daughter defendant Carolyn Yoo at 325 Fifth Avenue, Unit 38E, New York, New York 10016 (hereinafter "the Fifth Avenue Condo").  This condo is a block away from the Manhattan Kum Gang San restaurant.

32.     On October 12, 2011, Defendant Ji Sung Yoo and his daughter Carolyn, recorded the transfer of the Fifth Avenue Condo to Ji S. Yoo (believed to Defendant Ji Sung Yoo), Defendant Carolyn Yoo and in addition to Defendant Sandra Yoo without any consideration. The deed of transfer is purportedly dated March 10, 2010, after Ji Sung Yoo knew that there was a large DOL investigation of the restaurant and that he faced substantial damages and penalties. Moreover, as of this date, he was deeply in debt to Plaintiffs, as he owed them almost $1.7 million in unpaid wages and liquidated damages.

7

Fraudulent Intent

33.     The conveyances alleged above by Defendant Ji Sung Yoo were all made with the his knowledge that the actual or foreseeable debt were beyond his or his restaurants' ability to pay.  Even if the Defendant Yoo was not insolvent at the time, the conveyances were for the purpose of hindering, delaying or defrauding present or future creditors.

34.     The family members of Ji Sung Yoo who benefitted from these conveyances knew of the fraudulent intent of defendant Yoo.

## FIRST CLAIM FOR RELIEF

## AGAINST DEFENDANTS JI SUNG YOO, SANDRA YOO, SAMUEL D. YOO AND CAROLYN YOO

35.     Plaintiffs allege and reallege all the above paragraphs.

36.     Defendant Ji Sung Yoo's intentional and constructive fraudulent conveyance on or about November 15, 2011, of his interest in his Home to his wife Defendant Sandra Yoo and his son Defendant Samuel D. Yoo without receipt of any consideration violates Sections 273, 275 and 276 of New York Debtor Creditor Law.  On information and belief, Defendants Sandra Yoo and Samuel D. Yoo knew about the fraudulent intent of Ji Sung Yoo.

37.     The mortgaging of the Home by defendants Sandra Yoo, Samuel D. Yoo and Carolyn Yoo for $500,000, on or about May 1, 2012 has diminished the value of Defendant Ji Sung Yoo's interest in the Home.

38.     Wherefore, Plaintiffs are entitled to the return to the debtor's estate of Ji Sung's interest in the Home.  Plaintiffs are also entitled to the return of the property's value to its value at the time of the transfer by the payment of the mortgage amount, $500,000, by defendants Sandra Yoo, Samuel D. Yoo and Carolyn Yoo.  In addition Plaintiffs are entitled to attorneys' fees and costs.

8

## SECOND CLAIM FOR RELIEF

## AGAINST DEFENDANTS JI SUNG YOO, SAMUEL D. YOO AND SANDRA YOO

39.     Plaintiffs allege and reallege all the above paragraphs.

40.     Defendant Ji Sung Yoo's intentional and constructive fraudulent conveyance on or about December 16, 2011, of his interest in the Brooklyn Property to his wife Defendant Sandra Yoo and his son Defendant Samuel D. Yoo without receipt of any consideration violates Sections 273, 275 and 276 of New York Debtor Creditor Law. On information and belief, Defendants Sandra Yoo and Samuel D. Yoo knew about the fraudulent intent of Ji Sung Yoo.

41.     The mortgaging of the Brooklyn Property by defendants Sandra Yoo and Samuel D. Yoo for $450,000, on or about January 18, 2013 has diminished the value of Defendant Ji Sung Yoo's interest in the Brooklyn Property.

42.     Wherefore, Plaintiffs are entitled to an order setting aside the conveyance of the Brooklyn Property and the appointment of a receiver to sell that property and to distribute the proceeds, less costs and fees, to the mortgage holder and to Plaintiffs. Plaintiffs are also entitled to the return of the property's value to its value at the time of the transfer by the payment of the mortgage amount, $450,000, by defendants Sandra Yoo and Samuel D. Yoo. In addition, Plaintiffs are entitled to attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## AGAINST DEFENDANTS JI SUNG YOO, CAROLYN YOO AND SANDRA YOO

43.     Plaintiffs allege and reallege all the above paragraphs.

44.     Defendant Ji Sung Yoo's intentional and constructive fraudulent conveyance filed on or about October 21, 2011, of his part of his interest in the New York Condo to his wife Defendant Sandra Yoo without receipt of any consideration violates Sections 273, 275 and 276

of New York Debtor Creditor Law. On information and belief, Defendants Sandra Yoo and Defendant Carolyn Yoo knew about the fraudulent intent of Ji Sung Yoo.

45.     Wherefore, Plaintiffs are entitled to an order setting aside the conveyance of the New York Condo and the partition and sale of that property by a receiver, appointed by the court, and distribution the proceeds, less costs and fees, to mortgage holder and Plaintiffs and Carolyn Yoo. In addition, Plaintiffs are entitled to attorneys' fees and costs.

PRAYER FOR RELIEF

PLAINTIFFS respectfully request that a judgment be entered:

a.     Ordering the to return the properties fraudulently transferred by Defendant Ji Sung Yoo back to debtor's estate,

b.     Ordering defendant family members to return the value of the properties that were fraudulently transferred to value of the property at the time of the transfer,

c.     Award attorneys' fees and costs,

d.     Awarding such other equitable relief as this Court deems is just and proper.

Dated:  April 21, 2015

Joanna Shally
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Kenneth Kimerling
Asian American Legal Defense and Education Fund
99 Hudson Street
New York, New York 10013

Jackson Chin
Latino Justice/PRLDEF
99 Hudson Street
New York, New York 10013
ATTORNEYS FOR PLAINTIFFS