UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

TAE H. KIM, YOUNG M. CHOI, DONG M. JU,
HONG S. KIM, YOON C. KIM, CHUL G. PARK,
JIN H. PARK, EUTEMIO MORALES, ZHE Y.
SHEN, JONG H. SONG, and R. JULIAN
VENTURA,

                Plaintiffs,

    -against-

JI SUNG YOO, SANDRA YOO, SAMUEL D. YOO,
and CAROLYN YOO,

                Defendants.

-------------------------------------X

15 Civ. 3110

OPINION

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED
```

A P P E A R A N C E S:


    Attorneys for the Plaintiffs

    PUERTO RICAN LEGAL DEFENSE AND EDUCATION FUND, INC.
    99 Hudson Street, 14th Floor
    New York, NY 10012
    By:  Jackson Chin, Esq.

    SHEARMAN & STERLING LLP
    599 Lexington Avenue
    New York, NY 10022
    By: Joanna Shally, Esq.

    ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
    99 Hudson Street
    New York, NY 10013
    By:  Kenneth Kimmerling, Esq.

    Attorneys for the Defendants

    McCALLION & ASSOCIATES, LLP
    100 Park Avenue, 16th Floor
    New York, NY 10017
    By:  Kenneth Foard McCallion, Esq.

LARSEN ADVOCATES
104 1st Place
Brooklyn, NY 11231
By:  Kristian Karl Larsen, Esq.

**Sweet, D.J.,**

Defendants Ji Sung Yoo ("Yoo"), Sandra Yoo, Samuel D. Yoo,
and Carolyn Yoo (collectively, the "Yoos" or the "Defendants"),
have moved to dismiss the complaint brought by the Plaintiffs, a
collection of former employees at one of Yoo's restaurants
seeking to enforce a $2.6 million judgment for violations of the
Fair Labor Standards Act ("FLSA") and New York Labor Law
("NYLL"). The Defendants argue that the Complaint should be
dismissed for failure to state a claim for which relief can be
granted, under Fed. R. Civ. P. 12(b)(6),[1] and for failure to join
a necessary party under Fed. R. Civ. P. 19. For the reasons set
forth below, the motion to dismiss is denied.

**Prior Proceedings**

This case stems from an earlier litigation in this
district, case number 12 Civ. 6344 (the "FLSA Action"), in which
the Plaintiffs sued Yoo and several other defendants for failure

---

[1] Although the Defendants style their motion to dismiss as having been brought
under Fed. R. Civ. P. 12(h)(1 & 2) and Fed. R. Civ. P. 19 (see Dkt. No. 35),
their motion papers indicate that they wish the Complaint to be dismissed for
"Failure to State a Claim," i.e., under Fed. R. Civ. 12(b)(6). (Dkt. No. 37
at 4.) The Defendants also cite a number of foundational cases concerning
Rule 12(b)(6), including Ashcroft v. Iqbal, 556 U.S. 662 (2008), and Bell
Atlantic v. Twombly, 550 U.S. 544 (2007). The first two points of the
Defendants' motion to dismiss will therefore be treated as having been
brought under Rule 12(b)(6).

to pay them minimum wage and overtime during their time working
at Kum Gang San Restaurant, an establishment owned indirectly by
Yoo. On March 19, 2015, after a four-day bench trial, the
Honorable Michael H. Dolinger issued an opinion in favor of the
Plaintiffs and awarded $2,672,657.30 in damages. Kim v. Kum
Gang, Inc., No. 12 Civ. 6344, 2015 WL 2222438, at *45 (S.D.N.Y.
Mar. 19, 2015). A full recounting of the case's facts and
allegations can be found in Judge Dolinger's opinion. See id.
at *2-22. The final judgment in the FLSA Action was entered on
April 6, 2015. (FLSA Action Dkt. No. 143.)

On April 21, 2015, barely a month later, the Plaintiffs
filed the Complaint in the instant case. (Dkt. No. 1.) The
Plaintiffs invoke the Court's ancillary enforcement
jurisdiction, which allows federal courts to determine "a broad
range of supplemental proceedings involving third parties to
assist in the protection and enforcement of federal judgments."
Peacock v. Thomas, 516 U.S. 349, 356 (1996). The Complaint
alleges that Yoo fraudulently conveyed three pieces of property
- a home in Little Neck, NY, a condominium on Fifth Avenue in
Manhattan, and a commercial property in the Sheepshead Bay
neighborhood of Brooklyn - to his wife and children.[2] The

[2] Yoo's wife Sandra, his son Samuel, and his daughter Carolyn are named as
defendants in this case, but were not parties to the original FLSA Action
before Judge Dolinger.

4

Complaint further alleges that the properties were conveyed to Yoo's family members in order to avoid having to pay the Judgment in the FLSA Action, in violation of Sections 273, 275, and 276 of the New York Debtor Creditor Law. (See Dkt. No. 1. ¶ 36, 40, 44.) The Yoos answered the Complaint on May 12, 2015. (Dkt. No. 5.)

**Facts**

The following facts from the Plaintiffs' Complaint are accepted as true for the purposes of the motion to dismiss. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

Yoo was the sole owner of Kum Gang, Inc., the corporation for which the Plaintiffs worked. (See Complaint, Dkt. No. 1, ¶ 11.) Over a period of eleven years, Yoo and Kum Gang employed the Plaintiffs at Yoo's two restaurants, but did not pay minimum wage, overtime pay, or spread of hours pay, as required by the FLSA and NYLL. (Id. ¶ 12.) In total, the unpaid wages ammounted to approximately $1.67 million. (Id.)

In 2010, the New York State Department of Labor (the "DOL") began investigating Kum Gang's Manhattan restaurant, and in particular whether it had properly paid employees between 2007 and 2009. (Id. ¶ 13.) The restaurant had been investigated by the DOL before, and was forced to pay $137,000 in back wages.

5

(Id. ¶ 17.) On April 22, 2011, the DOL issued a letter of violation in the amount of $1,950,992.84, including a civil penalty. (Id. ¶ 21.)

Meanwhile, Kum Gang's business had taken a turn for the worse, with the concern showing little or no profit for years. (Id. ¶ 9.) Kum Gang was not paying rent on time, and its checking account was overdrawn. (Id. ¶ 23.) Yoo was aware that he faced significant liability for his labor violations, and would likely be unable to pay. (Id. ¶ 8.) In the months after the DOL investigation, Yoo alienated his interest in three properties, transferring his ownership to members of his immediate family.

Yoo and his wife Sandra owned a home in Little Neck, NY as joint tenants. (Id. ¶ 27.) On November 15, 2011, they transferred ownership of the property, with Yoo's son Samuel now co-owning the property with his mother. (Id.) No consideration was paid for the conveyance to Samuel. (Id.) On February 2, 2012, the property was transferred again, with Sandra, Samuel, and the Yoos' daughter Carolyn now co-owning the home. (Id.) This conveyance was also done without consideration. (Id.) On May 1, 2012, Sandra, Samuel, and Carolyn Yoo took out a $500,000 mortgage on the home. (Id. ¶ 28.)

On December 16, 2011, Yoo transferred his interest in a commercial property on Avenue U in Brooklyn to Sandra and

6

Samuel, without consideration. (Id. ¶ 29.) Sandra and Samuel took out a $450,000 mortgage on the property on January 18, 2013. (Id. ¶ 30.) Yoo and his daughter Carolyn also transferred ownership of a condominium on Fifth Avenue to Yoo, Carolyn, and Sandra.[3] (Id. ¶ 32.) The Plaintiffs allege that these transfers were made while Yoo was aware that he owed (or would owe) debt beyond his or his restaurant's ability to pay, and that the conveyances were "for the purpose of hindering, delaying or defrauding future creditors." (Id. ¶ 33.) The Plaintiffs also allege that Sandra, Samuel, and Carolyn Yoo were aware of this fraudulent intent. (Id. ¶ 34.)

At some point in the Spring or Summer of 2012, Yoo learned that the Plaintiffs were considering a lawsuit. (Id. ¶ 24.) At a meeting with workers regarding unpaid wages on June 17, 2012, Yoo informed the Plaintiffs that they would not be able to obtain any money from him. (Id.) The Plaintiffs filed the FLSA Action two months later.

**Applicable Standard**

---

[3] The Complaint is unclear regarding the date of the transfer of the condominium; although it alleges that the transfer was recorded on October 12, 2011, the Complaint also states that the deed of transfer "is purportedly dated March 10, 2010," which the Complaint points out is still after Yoo was aware of the DOL investigation. (Id. ¶ 32.)

7

In deciding a motion to dismiss for failure to state a claim for which relief can be granted, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff, as the nonmoving party. See In re Elevator Antitrust Litig., 502 F.3d at 50. The Court then determines whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U .S. 662, 663 (2009) (quotation omitted). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 257 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A party is necessary if the Court cannot accord complete relief among the existing parties in that party's absence, or if that party claims an interest relating to the subject of the action and is situated in such a way that disposing of the action in the party's action would either impair the party's ability to protect its interest or leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1); MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Civ. 2006). If a party is necessary, then the Court must order that the party be joined to the case. Fed. R. Civ. P.

8

19(a)(2).  If the party cannot be joined, the Court must

determine "in equity and good conscience," whether the action

can proceed without it, considering a number of factors laid out

in Rule 19(b).  The Defendant bears the burden on a Rule 19

motion to dismiss.  In re Bear Stearns Cos., Inc. Sec., Deriv.,

& ERISA Litig., 30 F.R.D. 113, 122 (S.D.N.Y. 2015).

## The Motion to Dismiss is Denied

The Defendants raise three major arguments in favor of

dismissal: first, that the Complaint must be dismissed for

failure to state a claim because it confuses Kum Gang, Inc.,

which manages Yoo's Queens restaurant, with a different company

controlled by Yoo named Kum Kang, Inc, which manages his

Manhattan restaurant; second, that the Court lacks subject

matter jurisdiction because Sandra, Carolyn, and Samuel Yoo were

not parties to the FLSA Action; and third, that the case cannot

go forward because the entities holding the mortgages over the

three properties at issue are necessary parties and have not

been joined.  (See generally D.'s Br., Dkt. No. 37.)

The distinction between Kum Gang, Inc. and Kum Kang, Inc.

is not a meaningful one.  While the parties agree that the two

corporations are separate on paper, Judge Dolinger already

determined that they were interchangeable in practice.  (See

Order and Final Judgment, FLSA Action Dkt. No. 143 at 1
("Defendant Kum Gang Inc. also did business at its Manhattan
location under the name of Kum Kang Inc."); id. at 2 ("The Clerk
is to . . . amend the name of Kum Gang Inc. to Kum Gang Inc.,
a.k.a. Kum Kang Inc."). Moreover, the Defendants' assertion
that the two corporations are separate and distinct is belied by
Yoo's own Answer in the FLSA action; the Plaintiffs' Amended
Complaint stated that Kum Gang Inc. did business as both the
Queens and the Manhattan restaurant (Amended Complaint, FLSA
Action Dkt. No. 40, ¶ 22), and the Answer admitted as much.
(Answer, FLSA Action Dkt. No. 42, ¶ 22.) In any event, the
distinction has no practical bearing on the case because neither
Kum Gang, Inc. nor Kum Kang, Inc. are parties. The
corporations' primary import in the Plaintiffs' Complaint is to
allege that based on the restaurants' poor performance and the
DOL investigation, Yoo knew he had significant debts and would
be unable to pay them. That contention is not negated by the
Plaintiffs' use of one name to refer to both entities,
particularly when Judge Doliner had already done the same.

The Defendants also argue in passing that the Plaintiffs
cannot state a claim because Yoo's allegedly fraudulent
conveyances took place in 2010 and 2011, while the Plaintiffs
did not file the FLSA Action until 2012. Leaving aside the
question of whether Yoo could have reasonably foreseen a civil

10

suit by his employees resulting from the DOL investigation, the argument is unavailing because the fraudulent conveyance provisions of the New York Debtor and Creditor law are applicable to both debts in being at the time of the conveyance and those incurred afterwards. See Julien J. Studley, Inc. v. Lefrak, 66 A.D.2d 208, 214 (2d Dep't 1979) ("Under the statute a creditor has standing to maintain an action to set aside a fraudulent transfer, though his debt may not have been in existence at the time of the transfer."); see also Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 771-72 (E.D.N.Y. 1995); N.Y. Debtor & Creditor L. § 270 (defining "Creditor" as any person having any claim "whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent); id. § 275 (declaring conveyances without consideration made by insolvent debtors to be "fraudulent as to both present and future creditors"). The timing or foreseeability of Yoo's debt to the Plaintiffs is therefore immaterial; what matters is the circumstances of the allegedly fraudulent conveyance.

The Defendants' second major argument in favor of their motion to dismiss concerns an alleged lack of subject matter jurisdiction. Citing to Peacock v. Thomas, 516 U.S. 349 (1996) and Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001), the Defendants argue that jurisdiction is not proper

11

because the Plaintiffs are attempting to hold Sandra, Samuel, and Carolyn Yoo liable for the underlying judgment. The Defendants are correct that there is an important distinction between the two types of claims, see Epperson, 242 F.3d at 106 ("[since Peacock, most courts have continued to draw a distinction between post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability"), but they misapprehend which side of the distinction this case falls under.

The Plaintiffs' Complaint does not seek to impose liability on Yoo's family members – i.e., to hold them personally liable for the FLSA violations at Yoo's restaurant; instead, it seeks to reverse the allegedly fraudulent conveyances of Yoo's property to them. See id. at 107 ("fraudulent conveyance actions operate as simple collection mechanisms; they do not present a substantive theory seeking to establish liability on the part of a new party not otherwise liable."). Put another way, the fraudulent conveyance action is not an attempt to recover assets from Sandra, Samuel, and Carolyn Yoo to satisfy the underlying judgment (to which they are, of course, not subject); it is an attempt to recover Ji Sung Yoo's assets to satisfy the judgment against *him*, even though those assets have

12

allegedly been hidden away under the care of others. See UFCW Local 174 v. Homestead Meadows Foods Corp., 425 F. Supp. 2d 392, 394 (S.D.N.Y. 2005) ("a judgment creditor may pursue, through a federal court's ancillary jurisdiction, the assets of the judgment debtor even though the assets are found in the hands of a third party." (quotation omitted)). While the Court does not have the ability to make Yoo's family members liable for his debts, or to reach their own independent assets, the Court's ancillary enforcement powers are sufficient to reach Yoo's assets in order to satisfy a judgment against him, no matter where he may have sent them. See Epperson, 242 F.3d at 107.

Thirdly, the Defendants argue that the case must be dismissed because the mortgagees of the Yoo's properties are necessary parties who have not been joined, in violation of Fed. R. Civ. P. 19. In cases involving the ownership or disposition of real property, mortgagees are often treated as necessary parties, since they hold important interests that may be affected by the litigation's outcome. E.g., Hayrioglu v. Granite Capital Funding, LLC, 794 F. Supp. 2d 405, 416 (E.D.N.Y. 2011); Bd. of Managers of Charles House Condominium v. Infinity Corp., 825 F. Supp. 597, 607 (S.D.N.Y. 1993). Those considerations take on particular importance in cases such as this one where a defendant's ability to satisfy his or her financial obligations has been called into question. See 7

13

Charles Alan Wright et al., Federal Practice and Procedure:
Federal Rules of Civil Procedure § 1621 ("Plaintiff[s] also may
be required to join those persons who hold liens that encumber
the property, such as the holders of mechanic liens, vendor's
liens, mortgages, and tax liens, when the value of their
security interests is threatened.").

While the mortgagees may be necessary parties, it does not
follow that their nonjoinder to this case requires dismissal.
The proper remedy for the absence of a necessary party is to
join it to the case. See Fed. R. Civ. P. 19(a). Dismissal is
only required when joinder is not feasible and considerations of
"equity and good conscience" dictate that justice would be
better served by ending the case altogether than by proceeding
in the missing party's absence. See Fed. R. Civ. P. 19(b). The
Defendants bore the burden of making this showing, see In re
Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig., 30 F.R.D.
113, 122 (S.D.N.Y. 2015), and have not done so. Their papers do
not reveal the identity of the mortgagees, nor do they explain
how or why the mortgagees could not be joined. Because the
Defendants have not carried this burden, dismissal is not
warranted. See Lopez v. Delta Funding Corp., No. 98 Civ. 7204,
2000 WL 36688915, at *14 (E.D.N.Y. June 6, 2000); Charles House,
825 F. Supp. at 607.

14

**Conclusion**

In view of the Court's ancillary jurisdiction, the

Defendants' motion to dismiss is denied.

It is so ordered.

New York, NY
January  19,  2016

ROBERT W. SWEET
U.S.D.J.