**EXHIBIT 3**

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

Date: April 22, 2011

## ORDER TO COMPLY WITH ARTICLE 19
## OF THE NEW YORK STATE LABOR LAW

Refer to: Order to Comply No.
11-00422

Ji Sung Yoo and Kum Kang Inc.
(T/A KumGangSan)
49 West 32nd St
New York, NY 10001

| | |
|---|---|
| Minimum Wage | **$555,973.03** |
| Interest at 16 0% | **$144,080.37** |
| Liquidated Damages 25% | **$138,993.38** |
| Civil Penalty | **$1,111,946.06** |
| Total Due | **$1,950,992.84** |

Upon investigation the Commissioner of Labor FINDS

A   At all times mentioned in this Order the above named was an Employer as defined in Section 651.6 of the New York State Labor Law and conducted business at the above address.

B.   Said Employer employed the person(s) named on the attached Schedule of Underpayments for the periods set forth therein, in occupations which were subject to the provisions of Section 652 of the New York State Labor Law.

C.   The aforesaid employment was subject to Article 19 of the New York State Labor Law and the Minimum Wage Order of Title 12 NYCRR Part No.137   During the designated period the Employer paid the named employee(s) a wage rate below the minimum prescribed in such Minimum Wage Order.

D   There is due and owing by the Employer to the said employee(s) the sum as indicated above for underpayment of wages.

E   There is also due and owing by the Employer to the said employee(s) interest at the above rate to the above date in the sum indicated above, which shall continue to accrue at the said rate until the aforesaid wages are paid

F   There is also due and owing by the Employer to the said employee(s) liquidated damages in the amount of twenty five (25) percent of wages due and owing

G   There is due and owing by the Employer to the Commissioner of Labor a civil penalty in the above amount.  In determining the penalty the following have been given due consideration   the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations and the failure to comply with record keeping or other non-wage requirements as revealed by an investigation conducted by the Division of Labor Standards.



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Date: April 22, 2011**

**Schedule of Minimum Wage Underpayments**

**Refer to: Order to Comply No.
11-00422**

**NAME OF EMPLOYER AND ADDRESS OF PLACE OF EMPLOYMENT**
Ji Sung Yoo and Kum Kang Inc.
(T/A KumGangSan)
49 West 32nd St
New York, NY 10001

| NAME, ADDRESS, SS#, & ID# OF EMPLOYEE | OCCUPATIONAL CLASSIFICATION | PERIOD COVERING | | TOTAL DUE |
|---|---|---|---|---|
| | | FROM | TO | |
| An, Sung Ik ████████████ LCT750964 | Waiter | 07/01/2005 | 02/11/2010 | $16,706.50 |
| Anastacio, Lauro Acho ████████████ LCT750966 | Kitchen Helper | 07/01/2005 | 02/11/2010 | $12,586.40 |
| Atgui, Mario ████████████ LCT750971 | Dishwasher | 08/21/2008 | 08/27/2009 | $7,330 08 |

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

### Refer to: 11-00422

| Cantu, Christino | Busboy | 07/01/2005 | 10/22/2009 | $12,618.80 |
| --- | --- | --- | --- | --- |
| LCT752561 | | | | |
| Chibay, Luis | Dishwasher | 10/04/2007 | 10/08/2009 | $13,889.42 |
| LCT753321 | | | | |
| Cho, Hye Sung | waiter | 07/01/2005 | 02/11/2010 | $3,374.75 |
| LCT753322 | | | | |
| Choi, Myung Joo | Waitress | 07/01/2005 | 12/29/2008 | $8,249.40 |
| LCT750826 | | | | |
| Choi, Myung Joo | Waitress | 03/30/2003 | 06/30/2005 | $4,262.90 |
| LCT484184 | | | | |
| Climico, Marcelo Cisneyos | Kitchen | 05/10/2007 | 02/11/2010 | $16,398.08 |
| LCT753323 | | | | |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

### Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Diaz, Leopoldo Millan<br><br>LCT753324 | Kitchen | 09/19/2009 | 12/11/2009 | $1,703.42 |
| Edin, Nicolas<br><br>LCT753343 | Kitchen | 10/30/2008 | 02/11/2010 | $9,057.42 |
| Froentino, Solano Casimiro<br><br>LCT753348 | Kitchen | 08/27/2009 | 02/11/2010 | $3,395.42 |
| Han, Ki Sook Kweon<br><br>LCT753356 | Waiter | 07/01/2005 | 02/11/2010 | $10,811.63 |
| Heladio, Garcia<br><br>LCT753363 | Kitchen | 01/08/2009 | 02/11/2010 | $7,851.42 |
| Hong, Sung Chun<br><br>LCT753403 | Waiter | 10/26/2006 | 02/11/2010 | $5,045.07 |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

## Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Hwang, Jung Min<br><br>LCT753404 | Waiter | 03/08/2007 | 02/11/2010 | $11,963.55 |
| Hwang, Sung Hwan<br><br>LCT753904 | Waiter | 01/18/2007 | 02/11/2010 | $5,575.95 |
| Jang, Donghan<br><br>LCT753906 | Cook | 06/04/2009 | 02/11/2010 | $2,050.20 |
| Jen, Jun Won<br><br>LCT753909 | Waiter | 04/12/2001 | 02/11/2010 | $9,668.63 |
| Jun, Hyeung Seol<br><br>LCT753910 | Waiter | 07/01/2005 | 02/11/2010 | $13,843.20 |
| Kim, Chang Soo<br><br>LCT753923 | Waiter | 07/01/2005 | 02/11/2010 | $15,934.11 |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

### Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Kim, Eun Jun | Waiter | 10/30/2008 | 02/11/2010 | $2,046.40 |
| LCT753925 | | | | |
| Kim, Hee Jin | Waiter | 04/17/2008 | 02/11/2010 | $5,599.82 |
| LCT753928 | | | | |
| Kim, Ik Hwang | Waiter | 10/30/2008 | 02/11/2010 | $2,375.10 |
| LCT753930 | | | | |
| Kim, Jae Wook | Waiter | 07/01/2005 | 02/11/2010 | $10,811.63 |
| LCT753932 | | | | |
| Kim, Joo Il | Waiter | 08/09/2007 | 02/11/2010 | $15,772.90 |
| LCT753933 | | | | |
| Kim, Joung Won | Waiter | 07/01/2005 | 02/11/2010 | $16,706.50 |
| LCT754042 | | | | |

Phone. (518) 485-2778 Fax (518) 457-8452
State Office Bldg Campus, Bldg 12, Rm 185B, Albany, NY 12240
FL-16-0517_000013

www labor state ny us



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Refer to: 11-00422**

| Kim, Jung Hoon | Waiter | 07/01/2005 | 02/11/2010 | $16,706.50 |
|---|---|---|---|---|
| LCT754045 | | | | |
| Kim, Myoung Og | Waiter | 04/30/2009 | 02/11/2010 | $2,806.60 |
| LCT754047 | | | | |
| Kim, Nak Hyun | Waiter | 05/28/2009 | 08/20/2009 | $469.08 |
| LCT754081 | | | | |
| Kim, Seok Hoon | Waiter | 10/29/2009 | 02/11/2010 | $423.97 |
| LCT754083 | | | | |
| Kim, Sung Mi | Waiter | 07/01/2005 | 02/11/2010 | $19,962.20 |
| LCT754084 | | | | |
| Koo, Ja Hwa | Cook | 05/15/2008 | 02/11/2010 | $5,151.60 |
| LCT754102 | | | | |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Refer to: 11-00422**

| | | | | |
|---|---|---|---|---|
| Lee, Dong Uk | Waiter | 02/08/2007 | 11/05/2009 | $11,065.85 |
| LCT754122 | | | | |
| Lee, Hwa Ja | Cook | 07/01/2005 | 02/11/2010 | $8,774.60 |
| LCT754123 | | | | |
| Lee, Jae Ho | Waiter | 12/15/2005 | 02/11/2010 | $5,911.72 |
| LCT754141 | | | | |
| Lee, Jeong Jun | Waiter | 07/09/2009 | 02/11/2010 | $3,057.38 |
| LCT754142 | | | | |
| Lee, Kwang Yong | Waiter | 08/28/2008 | 06/11/2009 | $3,310.15 |
| LCT754219 | | | | |
| Lee, Woong Hee | Waiter | 01/15/2009 | 09/03/2009 | $2,858.42 |
| LCT754224 | | | | |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

## Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Lee, Young Ju | Waiter | 07/26/2007 | 04/30/2009 | $2,684.59 |
| LCT754227 | | | | |
| Lim, Kyoung Suk | Waiter | 02/05/2009 | 02/11/2010 | $1,922.70 |
| LCT754228 | | | | |
| Martines, Miguel | Busboy | 08/09/2007 | 02/11/2010 | $7,006.55 |
| LCT754229 | | | | |
| Martinez, Eduardo | Busboy | 06/21/2007 | 02/11/2010 | $6,325.80 |
| LCT754231 | | | | |
| Moon, Hee Suck | Waiter | 03/12/2009 | 09/17/2009 | $930.30 |
| LCT754232 | | | | |
| Moon, Hyung Seok | Waiter | 09/03/2009 | 12/31/2009 | $460.83 |
| LCT754241 | | | | |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Refer to: 11-00422**

| | | | | | |
|---|---|---|---|---|---|
| Moyotes, Juan Cariso Ajanel<br>LCT754282 | Kitchen | 09/13/2007 | 02/11/2010 | $14,346.08 |
| Oh, Dong Kue<br>LCT754284 | Waiter | 09/17/2009 | 02/11/2010 | $790.50 |
| Palacio, Miquel<br>LCT754286 | Busboy | 04/05/2007 | 02/11/2010 | $9,717.80 |
| Park, Hyung Jun<br>LCT754287 | Waiter | 01/12/2006 | 02/11/2010 | $20,920.44 |
| Park, Kyung Soo<br>LCT754289 | Waiter | 05/11/2006 | 02/11/2010 | $3,123.55 |
| Park, Kyung Soon<br>LCT754292 | Waiter | 08/14/2008 | 10/22/2009 | $2,134.80 |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

## Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Primitivo, Anastacio Agustin | Kitchen | 05/07/2009 | 02/11/2010 | $5,573.42 |
| LCT754305 | | | | |
| Quito,, Manual Antonio | Busboy | 07/09/2006 | 02/11/2010 | $11,660.40 |
| LCT754310 | | | | |
| Ramon, Juan | Busboy | 07/16/2009 | 11/19/2009 | $1,258.75 |
| LCT754313 | | | | |
| Rigoberto, Jimene | Kitchen | 04/06/2007 | 02/11/2010 | $16,961.00 |
| LCT754315 | | | | |
| Ryu, Sung Won | Waiter | 07/01/2005 | 04/23/2009 | $5,361.50 |
| LCT754322 | | | | |
| Secondino, Cirilo Espinoza | Kitchen | 01/04/2008 | 02/11/2010 | $5,861.33 |
| LCT754341 | | | | |

Phone: (518) 485-2778 Fax  (518) 457-8452
State Office Bldg  Campus  Bldg 12, Rm 185B,  Albany  NY 12240
FL-16-0517  000018



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Shim, Kook Bo | Waiter | 09/17/2009 | 12/10/2009 | $279.95 |
| LCT754343 | | | | |
| Shin, Chang Kyun | Waiter | 07/01/2005 | 02/11/2010 | $4,403.40 |
| LCT754345 | | | | |
| Shin, Miyoung | Waiter | 12/24/2009 | 02/11/2010 | $175.08 |
| LCT754363 | | | | |
| Suy, Tomas Mezia | Kitchen | 02/14/2008 | 02/11/2010 | $14,015.42 |
| LCT754366 | | | | |
| Tamay, Manuel Quito | Busboy | 12/22/2005 | 02/11/2010 | $12,898.20 |
| LCT754367 | | | | |
| Tecuin, Pedro Ixcoy | Kitchen | 05/15/2008 | 02/11/2010 | $12,273.42 |
| LCT754501 | | | | |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

Refer to: 11-00422

| | | | | |
|---|---|---|---|---|
| Toxqui, Diego Tambriz | Kitchen | 04/15/2006 | 02/11/2010 | $25,542.80 |
| LCT754502 | | | | |
| Tziquin, Lomzo Xum | Kitchen | 04/13/2007 | 02/11/2010 | $19,767.00 |
| LCT754503 | | | | |
| Xum, Manual Maximo | Kitchen | 04/15/2006 | 02/11/2010 | $17,662.80 |
| LCT754504 | | | | |
| Yoo, Kwi Youl | Waiter | 05/01/2008 | 10/08/2009 | $5,787.85 |
| LCT754505 | | | | |
| **TOTAL** | | | | **$555,973.03** |



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Date: April 22, 2011**

**ORDER UNDER ARTICLE 5 AND 19
OF THE NEW YORK STATE LABOR LAW**

**Refer to: Order to Comply No.
11-00422**

Ji Sung Yoo and Kum Kang Inc.
(T/A KumGangSan)
49 West 32nd St
New York, NY 10001

**Civil Penalties:**

| | | |
|---|---|---|
| Count 1 | - | $2,000.00 |
| Count 2 | - | $2,000.00 |
| Count 3 | - | $2,000.00 |
| Total | - | $6,000.00 |

Upon investigation the Commissioner of Labor FINDS

A. At all times mentioned in this Order, the above named was an employer as defined in New York State Labor Law and conducted business at the above address

B. Said employer employed employees as defined in New York State Labor Law.

**Count 1**

C. That said employer violated Section 661 of Article 19 of the New York State Labor Law as supplemented by the Minimum Wage Order for the Restaurant Industry, Part 137 of Title 12 of the Official Compilation of Codes, Rules and Regulations, Section 2.2, by failing to give each employee a complete wage statement with every payment of wages   Said employer failed to provide complete wage statements to all employees during the period from on or about February 4, 2011 through February 10, 2011

**Count 2**

D  That said employer violated Section 161 Article 5 of the New York State Labor Law by failing to allow employees of a factory, mercantile establishment, hotel, restaurant, or freight or passenger elevator in any building or in the care, custody or operation of any such elevator, at least twenty-four consecutive hours of rest in any calendar week during the period from on or about February 4, 2011 through February 10, 2011.

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Refer to: 11-00422**

**Count 3**

E   That said employer violated Section 661 of Article 19 of the New York State Labor Law as supplemented by the Minimum Wage Order for the Restaurant Industry, Part 137 of Title 12 of the Official Compilation of Codes, Rules and Regulations, Section 2.1, by failing to keep and/or furnish true and accurate payroll records for each employee.  Said employer was duly requested to provide payroll records for the period from on or about February 4, 2011 through February 10, 2011.

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

Order to Comply No.
11-00422

NOW, upon the foregoing findings and giving due consideration to the statutory criteria of the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations, as revealed by the investigation of the division of Labor Standards and reports of any conferences with the employer, and by the authority of section 218 of the Labor Law, it is hereby

ORDERED, that the employer comply with the provisions of the Labor Law by remitting to the Commissioner of Labor the total sum as indicated above, for any wages due, plus interest and/or civil penalties assessed, to be disbursed according to law, and it is further

ORDERED, that, in the event that any wages due, interest thereon, liquidated damages and the civil penalties assessed are not paid within 60 days following the service of a certified copy of this Order upon the employer, and no petition has been filed by the employer with the Industrial Board of Appeals for review of this determination, said Order may be filed with the County Clerk where the employer resides or has a place of business, and the Clerk shall without further notice enter judgment pursuant to Section 218 and Section 219 of the New York State Labor Law in the total amount indicated above with the stated rate of interest from the date hereof until payment.

For the Commissioner of Labor

*Carmine Ruberto Jr*

Carmine Ruberto, Director
Division of Labor Standards

**Dated: April 22, 2011**

If you are aggrieved by this Order, you may appeal within 60 days from the date issued to the Industrial Board of Appeals as provided by Section 101 of the Labor Law. Your appeal should be addressed to the Industrial Board of Appeals, Empire State Plaza, Agency Building #2, 20th Floor, Albany, NY 12223
For a copy of the Rules of Procedure, contact the Board at the above address, by visiting their web site at http://www.labor.state.ny.us/iba/index.asp or by calling 518-474-4785.

Checks and money orders should be made payable to the Commissioner of Labor and sent to the New York State Department of Labor, Division of Labor Standards, Interest Penalty and Collection Section, Room 185B, Building 12, The Gov. Averell Harriman State Office Building Campus, Albany, NY 12240.

*I hereby certify that this is a true and accurate copy of the original Order to Comply on file with the New York State Department of Labor, Division of Labor Standards, Albany, New York 12240*

*Jennie Z. Schleimer*

*Certified this 22nd day of April , 2011*

Supv Labor Standards Investigator

Phone (518) 485-2778 Fax (518) 457-8452
State Office Bldg Campus Bldg 12 Rm 185B  Albany, NY 12240
FL-16-0517  000023

| NARRATIVE REPORT | | Page 1 of 4 | |
|---|---|---|---|
| 1. NAME OF ESTABLISHMENT | | 2. TYPE | |
| KUM KANG INC. | | RESTAURANT | |
| 3. ADDRESS | | 4. COUNTY | |
| 49 W. 32ND STREET, NEW YORK, NY 10001 | | NEW YORK | |
| 5. INVESTIGATOR | | 6. DATE | |
| G. Tai | | 3/29/2011 | |

## FINAL REPORT – CASE # LS00 2009004610

As part of the Recheck Program, Labor Standards Investigators G. Tai, Y.S. Hwang, and Senior LSI P. Kalka went to the above premise on 1/28/2010. We spoke to manager Ho Suck Chun and captain Sin Won Kang who told us the restaurant was incorporated in 1998 with its headquarters in Flushing, NY. 37 employees were observed working and 37 time cards were punched. We also obtained wait staff schedules and 17 employee interviews. Wait staff indicated that they got day rates and kitchen staff indicated getting weekly salaries. All employees worked a 12-hour shift (10am – 10pm or 10pm – 10am) where the restaurant is open 24 hours a day, 7 days a week. A Notice of Revisit was left with Mr. Chun for payroll & time record examination for the periods of 7/1/2005 – 2/2011.

LSIs Tai and J. Lee went to the Flushing headquarters (Kum Gang San on Northern Blvd.) on 2/5/2010, as requested by the employer, for the payroll exam. General manager Kyung L. Yoo provided time cards and payroll journals only for the year of 2009. When LSI Tai requested to see the previous years, Mr. Yoo said that they were kept at the owner, Ji Sun Yoo's house. Initial observation of the payroll journals was that ER recorded 3 hours of break time each work day in addition to the 1 hour meal periods EEs take. Payroll journals also clearly indicated employees' weekly set salaries in the "Actual Paid" columns and ER's computation backing the weekly rates into hourly rates and thus resulting in many EEs' hourly rates falling below State minimum wage. A week later, ER Ji Sun Yoo brought in PR & time cards for 2007 & 2008 which still had the same weekly-wage-backing-into-hourly-wage pattern as the 2009 PR.

LSI Tai reviewed the 14 interviews obtained from waiters, kitchen workers, and bus boys, and all wait staff EEs indicated they get paid by daily rates where kitchen workers and bus boys indicated they get set weekly salaries. LSI Tai further confirmed with the EEs about their break periods by calling them on the phone. Kitchen workers specifically told LSI that besides the 1 hour meal period per day they don't really get any other break time. They always have to work through the afternoon hours (between 2pm – 5pm) when the ER is alleging as break hours. Even the wait staff, including the claimant, Myung Joo Choi who worked as a waitress, said that they took turns to take an hour off in the afternoon once every 3 weeks. Sometimes when there are customers during that break hour they still have to tend to the tables. For this reason LSI decided to remove the 3 hour break period for every EE when computing for the underpayments

          FLX000517 R00024

**NARRATIVE REPORT**                                        Page   2   of   4

In reviewing the records, LSI also found the following violations: **(161.1)** – Occasionally some employees work the whole 7 days in a work week without taking a day off. **(661)** – ER failed to provide records for the periods of 7/2005 – 12/2006, also failed to show EEs' true hours worked. **(137-2.2)** – All employees get paid in cash without a wage statement showing hourly rates, hours worked, gross & net wages.

Since the total hours worked and the weekly wages received shown on the payrolls are true, LSI Tai based the computations for all employees on the total weekly salary amounts divided by the total number of hours worked in that week.

> For example, Garcia Heladio, a kitchen worker who gets $380 a week and works a total of 66 hours per week (excluding the 1 hour meal period) would have an underpayment for week ending 1/22/2009 as follows:
>
> $7.15 x 40 + $7.15 x 1.5 x 26 + $7.15 x 6 spreads = $607.75
> $607.75 - $380 - $29.40 meal credit = $198.35 in underpayments

 LSI Tai used the same methods to compute for all the non-tip employees. For tipped employees, such as the wait staff and the bus staff, LSI took tip allowances and applied accordingly.

> For example, Jae Wook Kim, who worked as a waiter, got $400/wk for 6 days totaling 66 hours of work. His underpayment for week ending 2/4/2011 is as follows:
>
> SMW: $7.25 - $2.60 tip allowance = $4.65
> Since his derived hourly rate is higher than the SMW, the derived rate is used in the computation.  $400/66 = $6.06/hr
> $6.06 x 40 + 9.69 OT rate x 26 = $494.25
> $494.25 - $400 - $25.20 meal credit = $69.05 in underpayments

As for the claimant, Myung Joo Choi, she provided detailed work hours and pay rates for the entire employment periods at Kum Kang Inc. of 7/5/1998 – 12/29/2008. She worked as a waitress 5 days a week from 10:30am – 10:30pm with 1 hour meal break a day, getting $50 - $55 per day. Since the claimant made the claim on 3/30/2009, the State statue for computing is 6 years and she was not covered in the last audit period of 1/2001 – 6/2005. Therefore, LSI Tai computed for Myung Joo Choi from 3/30/2003 - 12/29/2008 based on the information provided

Total underpayment for the 80 employees for the periods of 7/1/2005 – 2/11/2010 came out to be $942,126.89. A 25% liquidated damage amount of $234,081 41 was imposed, making the grand total due $1,176,208.30. LSI Tai faxed the recap and the Notice of Labor Law Violation to the ER on 2/10/2011 to the Flushing headquarters and followed up with a phone call to the manager. Sang Man Lee, who acknowledged receipt of the documents faxed. Originals were also sent to Mr. Yoo via certified mail.

**NARRATIVE REPORT**                                Page 3 of 4

On 2/22/2011 ER Ji Sung Yoo and manager Je H. Kim came in to speak with LSI Tai about the recap & NOV served. With LSI Y.S. Hwang's interpretation, we explained the findings. Mr. Yoo alleged that prior to mid 2009; all EEs got 1 week paid vacation per year. He also alleged that EEs do take the afternoon breaks to do personal activities, such as Bally's Fitness Club or English classes. LSI Tai asked him to bring in proof to show the company's vacation policy and EEs' membership cards and/or English class enrollments

The next day. manager Je Kim faxed in company's vacation policy and some employees' Bally Sports Clubs' enrollments, as well as membership contract and actual attendance register receipts showing the employees entering the gym in the afternoon hours between 3pm and 4pm. In the meantime, LSI Tai contacted a few employees and confirmed that they did get one week paid vacation per year prior to 9/2009.

A discussion was made after ER's documents were reviewed with Director Salas who instructed LSI Tai to revise the computation for all employees by removing 1 work hour per day and 1 work week per year to reflect the afternoon break time and the vacation periods. As a result, 11 Employees' underpayments became 0 due to total weekly hours worked falling below 40. The revised underpayment for 69 employees is $581,855.03, with a 25% liquidated damage amount of $145,463.88, totaling $727,318.91. LSI Tai emailed the revised recap to manager Sang Man Lee on 2/28/2011 as requested. A due date for restitution payment was set for 3/10/2011

On March 7, manager Je Kim called LSI Tai and argued on the phone that LSI's computation was wrong. He wanted to come in to show their way of computation. LSI Tai explained for the second time about the derived hourly rates when EEs are getting weekly salaries. Mr. Kim did not seem to understand. He argued that it was $7.25 X 1.5 for all OT rates. LSI said it was only true for EEs at SMW. For EEs who are getting derived hourly rates, their OT rate should be 1 1/2 times the derived rate. Mr. Kim said that he would show some samples of his computation tomorrow and the rest on the due date, 3/10/11. LSI advised him that at this point, their way of computation would probably not be accepted, and that a payment had to be made by 3/10 or the case will be referred for OTC. Mr. Kim said that he would come in with Mr. Yoo to show his computation. He made the appointment for 10am, 3/11/11.

The next day Mr. Kim and Mr. Jung Yoo (ER's brother who did Kum Kang's payroll) came in to discuss computation with LSI Tai. LSI showed the original computation done at the State's formula based on weekly rates, the OT rate at a derived hourly rate would be higher than that of a straight computation. They alleged that Kum Kang pays EEs by hourly rates, and they pay OT and spreads  However, it is clear to LSI that according to the records ER provided they are backing weekly rates into hourly, because on many incidences the EEs hourly rate fell below SMW. When LSI pointed this out (which was already pointed out at the last meeting) Mr. Yoo argued that he was only willing to pay for the differences between SMW and their alleged hourly rates. LSI Tai brought SLSI Ortiz into the meeting  Ms Ortiz took ER's computation and LSI's computation to Supervisor Lamboy  As directed by Ms. Lamboy, LSI would re-inspect the computations

**NARRATIVE REPORT**                                         Page   4   of   4

on those EEs' hourly rates that are higher than SMW and revise the computation if
necessary. Mr. Yoo & Mr. Kim were told that the revised amount will be final and since
this is a recheck, their penalties will be maximized and that there will be no more
negotiations

LSI Tai then carefully checked the original computation against ER's PR rates. For those
EEs who are listed at SMW or below the underpayments remain the same. Therefore,
these EEs will remain on the recap. There are only 3 kitchen EEs whose hourly rates
were listed higher than SMW who were actually paid correctly by the ER. However, the
wait staff EEs who are listed higher than the SMW still have underpayments the same as
LSI's original computations. Therefore, the 3 kitchen EEs (Segundo Agualema Dutan,
Shengri Piao, Jung Suk Her) were removed from the recap. All other wait staff EEs
remained on the recap. The revised underpayment for the 66 employees is $555,973.03,
with 25% liquidated damages of $138,993.38, totaling a restitution amount of
**$694,966.41.**

On March 11, 2011 LSI Tai called Mr. Kim and discussed the final revised recap amount.
He was also advised of the $6,000 penalty amount (per SLSI Ortiz) for the 3 cited
violations. As requested, LSI faxed the revised recap and noted the penalty thereof. Mr.
Kim was further advised of the due date of 3/24/2011 for restitution payments, and if ER
Mr. Yoo disagrees with the findings and does not wish to make payments this case will
be referred for **Order To Comply**.

A person named Robert Giusti, identifying as the attorney for Kum Kang Inc., called LSI
Tai on 3/16/2011 and stated that Mr. Yoo did not have the money to pay and did not wish
to discuss a payment plan. Mr. Giusti expressed Mr Yoo and Kum Kang's request for the
case to be further discussed at the IBA Hearing. LSI Tai is referring this case for **OTC**.

**Violation 161.1 – Failure to allow employees at least one day of rest in every
calendar week**

**Violation 661 – Failure to keep and have available a true and accurate record for
each employee, showing daily and weekly hours worked, gross wages, deductions,
net wages, etc.**

**Violation 137-2.2 – Failure to furnish to each employee a statement with every
payment of wages listing hours worked, rates paid, gross & net wages**

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Colleen C. Gardner, *Commissioner*

**Date: April 22, 2011**

Ji Sung Yoo and Kum Kang Inc.
(T/A KumGangSan)
49 West 32nd St
New York, NY 10001

**Refer to: Order to Comply No.
11-00422**

## NOTICE

The attached Order(s) to Comply list(s) wages due and owing, interest assessed to the date of the Order, and any civil penalty assessed

The law requires interest to accrue until payment is received; however, satisfactory compliance with this Order will be met if the total amount due including interest and any civil penalty is paid within 10 days of the receipt of the Order(s).  <u>Your check or money order for the total amount including interest and any civil penalty should be made payable to the "Commissioner of Labor" and submitted in the self-addressed envelope enclosed.</u>

If you have any questions regarding the attached Order(s), please contact Supervising Investigator, New York State Department of Labor, Division of Labor Standards, Monetary Services, State Office Bldg. Campus, Bldg 12, Rm 185B,  Albany, NY 12240.

For the Commissioner of Labor

Carmine Ruberto, Director
Division of Labor Standards

**Attachment**